**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 97-40849
_____

MICHAEL ANDERSON GILBERT,

Petitioner-Appellant,

versus

W.F. WOODS, Warden; U.S. PAROLE COMMISSION,

Respondents-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(C-96-CV-204)
January 20, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Anderson Gilbert, federal prisoner #52595-080, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that the Parole Commission's calculation of his credit for a superior program achievement ("SPA") award violated his due process rights. Because the Parole Commission followed its own regulations and procedures in issuing its decision, the Parole Commission's decision did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violate Gilbert's due process rights.  *See Kindred v. Spears*, 894 F.2d 1477, 1482 (5th Cir. 1990).

Gilbert contends that the Parole Commission's application of 28 C.F.R. § 2.60(f) in its decision violated the Ex Post Facto Clause because the regulation was enacted after the commission of his offense.  The SPA award program was not in existence at the time that Gilbert committed the instant offense.  Because the Commission has followed the rule set forth in § 2.60(f) from the time that the SPA award program was enacted, as an interpretive instruction and later as codified in § 2.60(f), the Commission's application of § 2.60(f) to Gilbert did not violate his rights under the Ex Post Facto Clause.  *See Graham v. United States Parole Comm'n*, 629 F.2d 1040, 1043 (5th Cir. 1980) (statute or regulation violates the Ex Post Facto Clause if it delays parole eligibility).

Gilbert argues that the Parole Commission's decision violated his rights under the Equal Protection Clause because the Commission treated him differently than a similarly situated inmate.  Because Gilbert has not alleged or established that the Commission had an improper motive for its decision, Gilbert has not shown that the Commission violated his equal protection rights.  *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993).

Gilbert argues that the district court erred in granting the respondents' motion for summary judgment.  Because Gilbert acknowledges that there are no disputed facts which would preclude the grant of summary judgment, he has not shown that the district

court erred in granting the respondents' motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Gilbert's motion for a default judgment is DENIED.

AFFIRMED; MOTION FOR DEFAULT JUDGMENT DENIED.